# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **GARY WALKER,** | |
| Plaintiff, | |
| V. | CIVIL ACTION NO. 1:19-CV-00310 |
| **BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2006-CB39, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-CB39; NEWREZ, LLC DBA SHELLPOINT MORTGAGE SERVICING,** | |
| Defendants. | |

## NOTICE OF REMOVAL

The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-39CB, Mortgage Pass Through Certificates, Series 2006-39CB (**BoNYM**) and NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) remove the action Gary Walker filed in the Kent County Superior Court of the State of Rhode Island to the United States District Court for the District of Rhode Island.

### I.   STATEMENT OF THE CASE

1.  On May 1, 2019, Mr. Walker filed suit in state court in the case styled *Gary Walker v. Bank of New York Mellon, as Trustee, et al.* and assigned case number KC-2019-0487.[1] He sued to enjoin a May 2, 2019 foreclosure sale of 549 Angell Road, Lincoln, Rhode Island 02865.[2] He seeks injunctive relief and monetary damages basing on allegations BoNYM breached the mortgage and the duty of good faith and fair dealing and Shellpoint violated Rhode

---

[1] *See* compl., **ex. 1**.
[2] *See* compl. at ¶ 1 & p.10-11, ex. 1; *see also* restraining order, e**x. 5**.

Island general laws section 19-14.11-4 and the Rhode Island fair debt practices act by failing to send compliant pre-foreclosure notices.[3]

## II.   DIVERSITY JURISDICTION BASIS

2.   The court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Id.* at 84.

**A.   The parties are citizens of different states.**

3.   Mr. Walker is a citizen of Rhode Island because that is where he is domiciled.[4] *Garcia Perez v. Santaella*, 364 F.3d 348, 350 (1st Cir. 2004).

4.   BoNYM is a New York citizen. A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) (construing 28 U.S.C. § 1348 (2006)). BoNYM's articles of association designate New York, New York, as its main office's location.

5.   Shellpoint is a citizen of Delaware and New York. Shellpoint is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). Shellpoint is a wholly-owned subsidiary of Shellpoint Partners LLC.

6.   Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition II LLC, both of which are wholly-owned by New Residential Mortgage LLC.

---

[3] *See generally* compl.
[4] *See* compl. ¶ 1.

7. New Residential Mortgage LLC is wholly-owned by New Residential Investment Corporation, a publicly-traded company.

8. A corporation is a citizen of the state in which it is incorporated and in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). New Residential Investment Corp. is incorporated in Delaware with its principal place of business in New York. New Residential Investment Corp. is a citizen of New York and Delaware for purposes of diversity.

9. Complete diversity of citizenship exists between Mr. Walker and defendants pursuant to 28 U.S.C. § 1332(a).

**B.    The amount in controversy exceeds $75,000.00.**

10. Although Mr. Walker pleads for actual damages less than $75,000, the amount in controversy requirement is still met. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).

11. "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity." *Bedard v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 1792738, at *2–3 (D.N.H. May 11, 2011); *see also Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 WL 761081, at *3–4 (N.D. Cal. Mar. 2, 2010) (amount in controversy satisfied where plaintiffs sought to enjoin foreclosure of home that exceeded $75,000 in value); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 213 (1st Cir. 2012) (amount in controversy satisfied where the loan amount and the amount due exceeded $75,000).

12.     The object of the litigation—the property—is appraised at $225,700 by the Town of Lincoln tax assessor.[5]  The original loan was for $150,000 and the amount due exceeds $177,778.70.[6]  The amount in controversy is more than $75,000.00 and the court may exercise diversity jurisdiction.

### III.     THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

13.     Removal of this action is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days of defendants' receipt of the complaint, through service or otherwise. Neither defendant has been formally served to date.

14.     Venue is proper in this court because the United States District Court for the District of Rhode Island embraces the place in which the state court action was pending.  28 U.S.C. § 1441(a).

15.     Notice has been sent to the state court and Mr. Walker's counsel regarding the removal of this action.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **Exhibits 1–7**.

16.     In accordance with Local Rule 81(a), defendants will file a certified or attested copy of the state court record within fourteen days of filing of this notice of removal.

17.     In filing this removal, defendants do not wish to waive their right to raise any defenses or grounds for dismissal pursuant to Federal Rule of Civil Procedure 12, or otherwise.

### IV.     CONCLUSION

18.     The court may exercise diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

---

[5] *See* property record card, **ex. 8**.
[6] *See* compl, at its exs. A, C, **ex. 1**.

WHEREFORE, defendants remove this action now pending against them in the State of Rhode Island, Superior Court for Kent County.

Date:  May 31, 2019                                    Respectfully submitted,

*/s/ Steven M. Stoehr*___
Steven M. Stoehr, Esq. # 9347
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Telephone: 617.558.0780
Facsimile: 617.243.4038
sstoehr@harmonlaw.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing notice of removal has been made this 31st day of May, 2019 upon the following via electronic notification procedures and first class mail, postage pre-paid:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, Rhode Island 02920
*Counsel for Mr. Walker*

*/s/ Steven M. Stoehr*___
Steven M. Stoehr, Esq. # 9347