UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **GARY WALKER,**<br><br>    Plaintiff,<br><br>V.<br><br>**BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2006-CB39, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-CB39; NEWREZ, LLC DBA SHELLPOINT MORTGAGE SERVICING,**<br><br>    **Defendants.** | CASE NO. 1:19-CV-00310-WES-LDA |

**DEFENDANTS' RESPONSE TO WALKER'S MOTION TO REMAND**

The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-39CB, Mortgage Pass Through Certificates, Series 2006-39CB (**BoNYM**) and NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) oppose Mr. Walker's motion to remand and show as follows:

### I.     ARGUMENT SUMMARY

Mr. Walker's motion to remand is his latest attempt to delay the inevitable foreclosure of a mortgage he has not made a payment on in nearly a decade.  He contends this court lacks jurisdiction because (**1**) defendants waived their removal right by answering in state court prior to their deadline and (**2**) the amount in controversy is less than $75,000.  Both arguments lack merit and are clearly undermined by the authority Mr. Walker cites.

## II.  RELEVANT BACKGROUND

On November 17, 2006, Mr. Walker took out a $150,000 loan to purchase the property at 549 Angell Road, Lincoln, Rhode Island 02865.  (*See* compl. at its ex. A, doc. at 3 p. 51.)  He granted a mortgage against the property to secure repayment.  (*See id.*)  BoNYM is the mortgagee and Shellpoint is the mortgage servicer.  (*See* compl. at its ex. C, doc. 3 at p. 80.)  Mr. Walker defaulted on his repayment obligations by failing to make his April 1, 2010 payment and all payments thereafter.  (*See id.*)

On May 1, 2019, Mr. Walker filed suit in state court against Shellpoint and BoNYM to enjoin a May 2, 2019 foreclosure sale.  (*See* compl. at p. 10-11, doc. 3 at p. 21-22; *see also* restraining order, doc. 3 at p. 87-88.)  He pleads for injunctive relief and monetary damages basing on allegations BoNYM breached the mortgage and its duty of good faith and fair dealing and Shellpoint violated Rhode Island general laws section 19-14.11-4 and the Rhode Island fair debt practices act by failing to send compliant pre-foreclosure notices.  (*See generally* compl.)  He specifically requests the court grant a permanent injunction barring foreclosure.  (*See* compl. at p. 10-11, doc. 3 at p. 21-22.)

## III.  ARGUMENTS & AUTHORITIES

**A.  Defendants did not waive their removal right.**

Mr. Walker contends defendants waived their removal right by answering in state court prior to removing.  His argument—while not a model of clarity—appears to be (**1**) including affirmative defenses in an answer and (**2**) answering prior to being formally served constitute acts beyond merely preserving the "status quo" in state court, waiving the right to remove.  (*See* mot. to remand at p. 8-10, doc. 7-1.)

The cases Mr. Walker cites to support his first proposition directly undermine it.  *See Advanced Constr. & Renovation, Inc. v. Mt. Hawley Ins. Co.*, No. 17-61080, 2018 WL 797073 at * 3 (S.D. Fla. Feb. 9, 2018) (denying remand despite including jury demand in answer and affirmative defenses) *quoting Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1470-71 (M.D. Fla. 1993) ("[A] motion to dismiss is an affirmative use of the state-court process, and thus, distinguishable from actions to maintain the status quo in state court, such as defending preliminary injunctions and filing answers and affirmative defenses."); *see also Miami Herald Publishing Co. v. Ferre,* 606 F.Supp. 122, 124 (S.D. Fla. 1984) (finding no waiver by filing an answer and affirmative defenses); *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 863 (W.D. Pa. 1976) (same).  Rule 81 also plainly contemplates a defendant answering in state court with affirmative defenses prior to removing.  Fed. R. Civ. P. 81(c)(2) ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods . . . ")

That defendants answered prior to Mr. Walker formally serving them does not change the analysis.  Defendants' removal deadline was triggered when they "otherwise" received Mr. Walker's complaint.[1]  28 U.S.C. § 1446(b)(1).  They could not, as Mr. Walker suggests, have waited up to 120 days for Mr. Walker to serve them and then remove.  Reading Rule 81 and 28 U.S.C. § 1446(b)(1) together, there can be no question defendants did not waive their right to remove by answering in state court with affirmative defenses prior to being formally served.

**B.    The loan and property establish the amount in controversy exceeds $75,000.00.**

Mr. Walker challenges this court's diversity jurisdiction on the grounds defendants failed to establish the amount in controversy.  (mot. for remand at p. 3-7, doc. 7-1.)  To the contrary, as

---

[1] Mr. Walker's counsel e-mailed a copy of the complaint to defendants' counsel the day he filed it in an effort to ensure they cancelled the foreclosure sale.

defendants correctly cite in their notice of removal, "[i]n cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity." *Bedard v. Mortg. Elec. Registration Sys., Inc.*, No. 11-cv-117, 2011 WL 1792738, at *2–3 (D.N.H. May 11, 2011); *see also Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 WL 761081, at *3–4 (N.D. Cal. Mar. 2, 2010) (amount in controversy satisfied where plaintiffs sought to enjoin foreclosure of home that exceeded $75,000 in value); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 213 (1st Cir. 2012) (amount in controversy satisfied where the loan amount and the amount due exceeded $75,000). Mr. Walker sued seeking a permanent injunction barring defendants from foreclosing. (*See* compl. at p. 10-11, doc. 3 at p. 21-22.) Whether the property value, original loan amount, or current amount due on the loan control the amount in controversy, it is clearly met. The Town of Lincoln tax assessor appraises the property at $225,700. (not. of removal at its ex. 8, doc. 1-3.) The original loan the property secures was for $150,000 and the amount just to reinstate the loan exceeds $177,778.70. (*See* compl. at its exs. A, C, doc. 3 at p. 51, 80.)

Mr. Walker attempts to distinguish the cases defendants cite in their removal notice by arguing they involve claims to invalidate a mortgage, rather than requests for injunctive relief. (mot. to remand at p. 7, doc. 7-1.) But the practical effect of a permanent injunction barring foreclosure is the same as a mortgage invalidation and results in the same damages to defendants—and the same benefit to Mr. Walker—the property's value. As this court recently acknowledged, when a plaintiff asks the court to permanently bar foreclosure, the property value controls. *See Hernandez v. U.S. Bank, N.A.*, 318 F. Supp. 3d 558, 559-60 (D.R.I. 2018). Although Mr. Walker endeavors to distance himself from his own pleadings by claiming he is merely seeking "specific injunctive relief precluding [BoNYM] from foreclosing due to failure to

comply with the terms of the mortgage," there can be no question he is asking the court to permanently bar foreclosure. Count II of his complaint is entitled "Claim for Injunctive Relief and a Preliminary and Permanent Injunction," he demands this court "grant a permanent injunction . . ." and requests the court set "a hearing on a Permanent Injunction." (*See* compl. at p. 10-11, doc. 3 at p. 21-22.) The property value controls and amount in controversy is met.

**C.     Mr. Walker's damage model establishes the amount in controversy.**

The damages Mr. Walker pleads aggregated with his injunctive relief request establish the amount in controversy. From BoNYM, under count I he claims actual damages, punitive damages, and legal fees "in an aggregate amount less than $70,000.00." (compl. at p. 9, doc. 3 at p. 20.) From Shellpoint, under count III, he claims "actual damages, punitive damages and legal fees, in an aggregate amount less than $70,000.00 reduced by any damages received pursuant to Count IV" and under count IV he claims "actual damages, and statutory damages of $1,000 for each violation of the RIFDCPA, with said damages not to exceed $75,000.00 with a reduction of any damages received pursuant to Count III." (compl. at p. 14, 17, doc. 3 at p. 25, 28.) Were Mr. Walker to recover the maximum damages he seeks from BoNYM—$69,999.99—his request for injunctive relief would only need to be valued at $5,000.01 to establish the amount in controversy. Similarly, were he to recover the maximum damages he seeks from Shellpoint—$74,999.99—his request for injunctive relief against Shellpoint would only need be valued at $.02, to establish the amount in controversy. Even under Mr. Walker's strained computation, there is a "reasonable probability" the amount in controversy exceeds $75,000. *See Porter v. American Heritage Life Inc. Co.*, 956 F. Supp. 2d 344, 346 (D.R.I. 2013) (aggregating claims for amount in controversy purposes.)

## IV. CONCLUSION

The court may exercise diversity jurisdiction because defendants did not waive their removal right, the parties are diverse, and the amount in controversy exceeds $75,000.00. Mr. Walker's motion to remand, including his attorneys' fees request, must be denied.

Date: July 15, 2019

Respectfully submitted,

*/s/  C. Charles Townsend*
C. Charles Townsend, *admitted pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339
charles.townsend@akerman.com

Steven M. Stoehr, Esq. # 9347
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Telephone: 617.558.0780
Facsimile: 617.243.4038
sstoehr@harmonlaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served on the 15th day of July, 2019 upon the following via CM/ECF filing:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, Rhode Island 02920
*Counsel for Mr. Walker*

*/s/ C. Charles Townsend*
C. Charles Townsend