UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                )
GARY WALKER,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )        C.A. No. 19-310 WES
                                )
BANK OF NEW YORK MELLON,        )
et al.,                         )
                                )
          Defendants.           )
_____)

### MEMORANDUM AND ORDER

After Defendants removed this case from the Rhode Island Superior Court, Plaintiff filed the instant Motion to Remand, ECF No. 7.  For the reasons that follow, Plaintiff's Motion is GRANTED.[1]

I.   Background

In 2006, Plaintiff executed a mortgage on his home in Lincoln, Rhode Island.  Compl. ¶ 2, ECF No. 1-1.  On September 28, 2018, Defendant NewRez, LLC d/b/a Shellpoint Mortgage

_____

[1] The Court thus denies as moot Defendants' Motion for Leave to File Amended Removal Notice, ECF No. 14, which seeks to correct an error in the Notice of Removal regarding the citizenship of Defendant Bank of New York Mellon ("Bank").  Id. at 1-2.  The requested correction is a "distinction without a difference" and has no effect on the amount-in-controversy issue upon which this remand turns.  Id. at 2.

Servicing ("Shellpoint") sent a default notice to Plaintiff. Id. at ¶ 11.  Shellpoint later scheduled a foreclosure sale for May 2, 2019.  Id. at ¶ 6.

The day before the scheduled sale, Plaintiff filed his Complaint in the Rhode Island Superior Court alleging that Defendants had failed to comply with the terms of the mortgage and applicable statutes in various respects.  See Compl. ¶¶ 6-41.  For example, Plaintiff claims that (a) the notice provided less time to cure the default than required by the terms of his mortgage, (b) the notice failed to reference the right to exercise the statutory power of sale, (c) the notice included erroneous and unreasonable charges in the arrearage amount, and (d) the notice impermissibly stated that the amount required to cure the default could change from day to day. See id. at ¶¶ 13-14, 16-17, 19-22, 35-36.  Plaintiff also alleges that he sent two loan modification applications and one notice of error to Shellpoint, with no response.  Id. at ¶¶ 42-43, 51-52.  He seeks monetary damages and an injunction barring foreclosure unless and until Defendants comply with the terms of the mortgage.  Id. at ¶¶ 64, 68, 76, 82, 95.

After answering the Complaint, Defendants removed the action to this Court, asserting diversity jurisdiction.  See

Notice of Removal ¶ 2, ECF No. 1.  Plaintiff subsequently filed the instant Motion to Remand.

II.  Discussion

Plaintiff argues that the case must be remanded because the amount in controversy does not exceed the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332. See Mem. Supp. Of Mot. Remand 3-7, ECF No. 7-1.  Indeed, the Complaint seeks "less than $70,000.00" from the Bank of New York Mellon ("Bank") and an amount "not to exceed $75,000.00" from Shellpoint.  Compl. ¶¶ 68, 82, 95.  Defendants disagree, arguing that the amount in controversy should be based on either the value of the property or the amount owned on the loan, each of which is well above $75,000.  See Defs.' Resp. to Mot. Remand 3-5, ECF No. 8; Notice of Removal ¶¶ 10-12.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation and quotations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).  "If at any time

before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."  28 U.S.C. § 1446(c)(2).  If, however, the complaint seeks declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347, (1977); see also 28 U.S.C. § 1446(c)(2)(B).

The Court therefore must answer one question:  What is the object of this litigation?  Similar cases point to two possibilities.  First, where a plaintiff seeks to extinguish a defendant's mortgage interest or permanently prevent the defendant from foreclosing, "it is the property itself that is the object of the litigation . . . ."  Bobola v. Wells Fargo Bank, N.A., CV 14-14735-MLW, 2016 WL 4844039, at *3 (D. Mass. Sept. 13, 2016) (quoting Farkas v. GMAC Mortgage, LLC, 737 F.3d 338, 341 (5th Cir. 2013)).  Therefore, the amount in controversy is measured by the value of the property, the face value of the loan, or the amount owed on the loan.  See id. (citing Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147,

151 (D. Mass. 2013)); see also McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 214 (1st Cir. 2012) (endorsing face-value-of-the-loan approach where plaintiff alleged that defendant was "no longer the holder of the note . . . and therefore [could not] foreclose on her home"). "Cases of this sort typically involve challenges to the validity of the mortgage, the defendant's title, or the defendant's authority to foreclose." Bobola, 2016 WL 4844039, at *3 (collecting cases).

Conversely, where the injunction sought by the plaintiff would merely require the defendant to start the foreclosure process anew (adhering to all contractual and statutory requirements), the object of the litigation is not the property, but rather a delay in foreclosure. See Hernandez v. US Bank, N.A., 318 F. Supp. 3d 558, 559-561 (D.R.I. 2018) (citations omitted). The value of this delay "might include 'the transactional costs to the lender of delaying foreclosure or a fair rental value of the property during the pendency of the injunction.'" Id. at 561 (quoting Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 775-76 (9th Cir. 2017)).

In Bobola, the plaintiffs sought to enjoin the defendant from foreclosing on their home until the defendant gave them

5

"a fair and reasonable opportunity to negotiate a loan modification." CV 14-14735-MLW, 2016 WL 4844039, at *4. The court reasoned that even were the plaintiffs to succeed, the defendant's hands would not be tied. See id. Following negotiation, the defendant could either press on with foreclosure or acquiesce to modified terms; "[i]n neither case would the injunction permanently prohibit [the defendant] from asserting its right to the Property." Id.

Here, based on various alleged defects in the default notice, Plaintiff "request[s] that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin [Defendants from conducting a foreclosure] until there has been compliance with the terms of the mortgage and the statutory requirements and until [Plaintiff] has been reviewed for a loan modification." Compl. ¶ 59; see also id. at ¶ 76.[2] This action thus finds itself in the Bobola line of cases, as

---

[2] Additionally, a single paragraph in the fact section of the Complaint disputes that the Bank is the assignee of the mortgage or holder of the note. See Compl. ¶ 5, ECF No. 1-1. However, the alleged assignment defect is never again mentioned in the Complaint, and, most critically, none of the counts or prayers for relief reference the assignment issue or the Bank's purported lack of authority to foreclose. Thus, the Court concludes that the Complaint does not contain a meaningful challenge to the Bank's interest in the property.

the Complaint seeks merely to block the instant foreclosure attempt, not all future attempts.

However, Plaintiff complicates the matter by requesting, among a blunderbuss of demands, a permanent injunction until further order of the Court.  See Compl. ¶ 76.  The basis for this demand is unclear.  But despite this confusing deviation, the gist of the Complaint is clear:  Plaintiff believes that the attempted foreclosure did not strictly comply with the mortgage agreement, and he therefore seeks to prevent foreclosure absent strict compliance.  In context, therefore, the Court interprets the reference to a permanent injunction as repeating the request for an injunction barring foreclosure absent compliance with the terms of the mortgage.  Thus, the Court concludes that neither the value of the property nor the amount owned on the loan represents the amount in controversy.

In the alternative, Defendants argue that the Complaint's monetary demands are close enough to the requisite amount that "there is a 'reasonable probability' the amount in controversy exceeds $75,000."  Defs.' Resp. to Mot. Remand 5 (quoting Porter v. Am. Heritage Life Inc. Co., 956 F. Supp. 2d 344, 346 (D.R.I. 2013)).  Specifically, Defendants note that the monetary claim against the Bank is only $5,000.01 less than

the requisite amount in controversy, while the monetary claims against Shellpoint fall short by only $0.02 (or $0.01 by the Court's reading).  See id.

Were Defendants to point to some evidence – or at least offer an argument - regarding the cost of the temporary injunction, the Court might be able to make the relatively short leap to federal jurisdiction.  But Defendants offer no such arguments or evidence.  Shellpoint is not alleged to have any ownership interest in the property, so it is unclear whether an injunction would present any costs whatsoever to the company.  See Compl. ¶ 4.  As for the Bank, a temporary injunction may well pose a cost greater than $5,000.01, but the Court is not in the business of speculating about additional costs or damages, and it would be impermissible for the Court to do so.  See Kokkonen, 511 U.S. at 377.  Plaintiffs are the masters of their complaints, and the Court takes the Complaint as presented.  It is the Defendants' burden to establish federal subject-matter jurisdiction, and they have failed to meet that burden.  See Hernandez, 318 F. Supp. 3d

at 561 (remanding where defendants provided no evidence of the cost of restarting the foreclosure process).[3]

III. Conclusion

Plaintiff's Motion to Remand, ECF No. 7, is GRANTED; Defendants' Motion for Leave to File Amended Removal Notice, ECF No. 14, is DENIED AS MOOT.  This case is hereby remanded to the Rhode Island Superior Court.[4]

IT IS SO ORDERED.

_William E. Smith_
District Judge
Date:  February 11, 2021

---

[3]  The Court therefore does not address Plaintiff's alternative argument that Defendants waived their opportunity to remove the case by filing an answer and asserting affirmative defenses in the state court.  See Mem. Supp. of Mot. Remand 8-10, ECF No. 7-1.

[4]  Plaintiff's request for attorney's fees, Mot. Remand 1, ECF No. 7, is denied. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").